PER CURIAM:
On May 3, 1990, the 20-year-old son of the claimants, Charles Steven Lowther, was driving a 1979 Chevrolet Monte Carlo. Although he was the equitable owner of the automobile, the automobile was titled in the names of the claimants. Claimant testified that his vehicle went through water running along the southbound lane of Route 19 whereupon he lost control of the vehicle and it hydroplaned into an embankment. The accident occurred approximately two miles from Milford in Lewis County. Both the driver and a passenger, Michele McHenry, were injured in the accident. Both suffered concussions. Liability insurance paid for Ms McHenry’s hospitalization and related expenses. However, no insurance was maintained by the claimant which covered their son’s hospitalization and medical expenses nor his vehicle damage. Claimants brought this claim in the amount of $6,000.00 to recover these expenses. The Monte Carlo was purchased by the son from his parents for the amount of $2,500.00. The vehicle was a total loss, but claimant’s son received $75.00 paid for its salvage value. The claimants’ son sustained an aggravated injury to a pre-existing congenital injury of his jaw which required *97 approximately $4,000.00 in medical expenses.
The accident area is described as a 21-year-old section of Route 19 between Weston and Roanoke near the former Union Drilling property in Lewis County. The specific accident site was described as having two feet wide tire tracks in the road surface where the water pooled. The tracks extended for several yards and appeared to have formed from tar used to repair the road surface.
Charles Edward Lowther, who was driving a vehicle behind his son when the accident occurred, described the accident site as 50 feet of two feet tracks created by truck weight upon a tar road surface. He further described this section of the road as having three to four inches of water collecting and running within the described tar tracks whenever it rains in the area.
Bruce Garrett, the Lewis County Highway Supervisor, testified that wear marks are present within the described section of Route 19, but that the road is in fairly good condition. When asked whether complaints were ever received concerning water accumulation on the road surface in the accident area, this witness answered no.
Carlin Kendrick, who manages the respondent’s traffic records, testified that the accident site, more specifically identified as the area around mile post 20.4, did not have a pattern of accidents sufficient to alert the respondent that the road section may be dangerous. This witness concluded that traffic records did not suggest that this section of road was troublesome area for hydroplaning or wet road conditions.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to correct the alleged road defect before Charles S. Lowther’s accident. The facts indicate that the respondent did not have prior notice of a defect in the road section, and the claimants have failed to prove otherwise. The burden of proof is upon the claimants to demonstrate with a preponderance of the evidence that the respondent had actual or constructive notice of the road defect. That burden has not been satisfied. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the road defect, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 91977). It appears to this Court that the requisite notice was not provided to respondent.
In accordance with the finding of facts and conclusions of law as indicated hereinabove, the Court is of the opinion to and does deny this claim.
Claim disallowed.